## WILLIAMS v. ROBERTS et al.

A husband, when acting as agent for his wife, has no authority merely by virtue of his appointment as agent, whether the agency be general or special, to receive, in payment of a debt due to her, real estate, and take the conveyance to himself individually instead of to his wife; nor is the wife's debtor justified in accepting the bare word of the husband that his wife has authorized him so to do. Unless she has in fact given such authority, a conveyance by the debtor to the husband will constitute the husband a trustee for the debtor to hold or dispose of the title, but will neither discharge the debt nor constitute him a trustee for the creditor, unless the latter with a knowledge of the facts shall ratify the transaction. The court erred in not granting a new trial.

July 17, 1893.

Equitable petition. Before Judge HARRIS. Troup superior court. April term, 1892.

T. H. WHITAKER and LONGLEY & LONGLEY, for plaintiff in error. P. H. BREWSTER, D. J. GAFFNEY, J. H. PITMAN and R. A. S. FREEMAN, contra.

BLECKLEY, Chief Justice.

These ladies, Mrs. Roberts and Mrs. Williams, dealt with each other chiefly through their husbands, respectively, as their agents. The result was that the distinction between principal and agent was sometimes lost sight of. There seems to be in husbands a strong propensity, when dealing for their wives, to take part as principals in the transaction, and the record now before us furnishes evidence that these husbands had that propensity and wrought some mischief by it. Some of the controlling facts are beyond dispute. As the outcome of dealings with respect to the West Point property, Mrs. Williams put herself under obligation to convey that property to Mrs. Roberts upon the payment of a certain sum of money. The verdict in this case finds and directs that that conveyance be made, but there is no evidence that the money was ever paid. The trans-

action relied upon as payment was the conveyance by Mrs. Roberts to Williams, the husband of Mrs. Williams, of certain lands situate in Alabama. It is contended that the contract on which that conveyance was founded was made by Roberts as the agent of Mrs. Roberts with Williams as the agent of Mrs. Williams, and was to the effect that the conveyance should be a satisfaction of the debt owing from Mrs. Roberts to Mrs. Williams for the West Point property, either a satisfaction in and of itself, or as furnishing means whereby Williams through a sale of the land was to raise money to be paid to Mrs. Williams in satisfaction. But there is no evidence that Mrs. Williams ever authorized or ratified this transaction, except the declarations of Williams himself; and certainly these were not sufficient. The mere word of an agent cannot be accepted as evidence of authority to vest title in him as a payment or as furnishing means of payment to his principal. Parties dealing with an agent must verify at their peril his authority to use his principal's assets for the purpose of acquiring title to property in his own name. If, in fact, he has no such authority and therefore cannot hold the title for his own benefit, the trust which results is not one in behalf of his principal, unless the principal chooses to ratify, but is a trust in behalf of the maker of the conveyance. Under the most favorable view of the evidence in this case, Williams did not hold title to the Alabama lands for Mrs. Williams, but held either for himself on his individual purchase, or for Mrs. Roberts if he made no purchase for himself. This is a necessary conclusion from the evidence and the law applicable to it. Consequently, the verdict of the jury is undoubtedly wrong, and the court erred in not granting a new trial.

*Judgment reversed.*